**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4062**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DARREN LEONARD THOMPSON,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00277-WO-1)

Submitted:  October 14, 2020                    Decided:  November 17, 2020

Before NIEMEYER, KEENAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Leonard Thompson appeals the 52-month sentence imposed upon the second revocation of his supervised release. On appeal, Thompson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court miscalculated Thompson's maximum term of imprisonment and imposed a plainly unreasonable sentence. Thompson has filed a pro se supplemental brief, also raising various challenges to his sentence of imprisonment. Finding no reversible error, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable," generally following the same considerations employed in reviewing an original sentence. *Slappy*, 872 F.3d at 207. Only if the sentence is unreasonable will we determine "whether it is plainly so." *Webb*, 738 F.3d at 640 (internal quotation marks omitted).

A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different

2

sentence. *Slappy*, 872 F.3d at 207 (footnotes omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). A court imposes a substantively reasonable revocation sentence when "the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted).

Initially, both Thompson and his counsel question whether the district court imposed a sentence of imprisonment above the statutory maximum term applicable to Thompson's offenses. We readily conclude that it did not. Enacted in 2003, the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. 108-21, 117 Stat. 650 (PROTECT Act), amended 18 U.S.C. § 3583(e)(3) to "permit[] the district court to start anew with the statutory maximum" term of imprisonment on each revocation "without aggregating any post-revocation imprisonment." *United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017); *see* PROTECT Act § 101(1), 117 Stat. at 651. Contrary to Thompson's argument, the PROTECT Act does not limit this provision to sentences arising from sex offenses or offenses involving child exploitation. Further, although the district court previously imposed concurrent supervised release terms on each of Thompson's counts of conviction, it was authorized "to impose consecutive rather than concurrent sentences upon revocation of concurrent terms of supervised release." *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) (alteration and internal quotation marks omitted); *see* 18 U.S.C. § 3584(a).

Under the PROTECT Act, Thompson faced a maximum of 24 months' imprisonment on Count 1 and 60 months' imprisonment on Count 2. *See* 18 U.S.C.

3

§§ 924(c)(1)(A)(i), 3583(e)(3), 3559(a)(1), (3); 21 U.S.C. § 841(a)(1), (b)(1)(C). Although recognizing its authority to apply the PROTECT Act, the district court credited Thompson as to each count with the 14 months' imprisonment he served following his first supervised release revocation. In light of the court's decision to run his terms of imprisonment consecutively, Thompson's 52-month sentence was well within the available statutory maximum of 84 months' imprisonment.

We find no reversible error in the remaining procedural aspects of Thompson's sentence. The district court properly calculated the policy statement range and, again contrary to Thompson's assertion, provided a sufficient explanation for its decision to vary upward from the applicable policy statement range. The court analyzed the facts and circumstances of Thompson's violations, considered the arguments of Thompson's counsel for a lower sentence, and grounded its rationale in the relevant 18 U.S.C. § 3553(a) factors, including Thompson's postsentencing conduct under *Pepper v. United States*, 562 U.S. 476 (2011). The court expressly credited Thompson's mitigation arguments, including his recent employment history and sobriety, and provided a four-month reduction in his sentence in recognition of those accomplishments. While the court repeatedly emphasized the seriousness of the violation conduct in imposing sentence, we are satisfied that any reliance on that factor, even if error, would not constitute reversible plain error. *See Webb*, 738 F.3d at 640-42; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018) (discussing standard).

Finally, our review of the totality of the circumstances establishes that the court's sentence was substantively reasonable. *See Gibbs*, 897 F.3d at 204. Thompson's argument

4

that a 46-month sentence would have been sufficient essentially asks us to reweigh the relevant 18 U.S.C. § 3553(a) factors and reach a conclusion different than the district court, a task well outside our purview. *See United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) ("We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different."); *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*